UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LOUISIANA FISH FRY PRODUCTS, LTD.,

               Plaintiff,

v.                           Case No.  3:07-cv-1224-J-33TEM

CHARLES O. CORRY,

               Defendant.
_____/

**ORDER**

    This cause comes before the Court pursuant to Defendant's Un-Consented-To Motion for Change of Venue (Doc. # 6), which was filed on April 8, 2008.  Plaintiff filed a response in opposition to the motion on April 22, 2008 (Doc. # 12). Upon due consideration and for the reasons that follow, Defendant's motion is due to be denied.

**I.   Background**

    Plaintiff initiated this action on December 31, 2007, when it filed its Complaint for Trademark Infringement and Unfair Competition with a Request for Jury Trial against Defendant (Doc. # 1).  As stated in the complaint, Plaintiff LFFP is a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana. (Doc. # 1 at ¶ 1).  According to Plaintiff, it has used the trademark LOUISIANA FISH FRY PRODUCTS in connection with crawfish, crab and shrimp boil products since its formation in 1983. (Doc. # 1 at ¶ 7).  Further, as alleged by Plaintiff in the complaint, Plaintiff has also used the trademark in connection with other food products, including seasoned batter mixes, baking

seasonings for chicken and fish, Cajun blackened seasonings, hush puppy mix, cocktail sauce, tartar sauce, and other products. (Doc. # 1 at ¶¶ 7-9). Plaintiff has used and is currently using the aforementioned trademark extensively throughout the United States, including the state of Florida. (Doc. # 1 at ¶ 10).

Plaintiff alleges that Defendant, an individual residing in Wesley Chapel, Florida "filed a trademark application for the trademark FLORIDA FISH FRY PRODUCTS for use with 'seasonings, namely, all purpose seasoning, cayenne pepper, gumbo file, seasoned batter mixes, namely fish fry, chicken fry, and shrimp fry, baking seasonings for chicken and fish, Cajun blackened seasonings, hush puppy mix, cocktail sauce, tartar sauce, shrimp boils." (Doc. # 1 at ¶ 11). According to Plaintiff, Defendant's application was granted, and Defendant is using the trademark FLORIDA FISH FRY PRODUCTS. (Doc. # 1 at ¶¶ 13-14). Plaintiff asserts that its products and Defendants products are substantially similar, are sold in the same channels of trade, have over-lapping customers, and that there is a risk of consumer confusion. (Doc. # 1 at ¶¶ 17-19). Plaintiff's complaint contains three counts: trademark infringement of federally registered marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I); federal unfair competition under Section 43(a) of the Lanham Act (Count II); and federal dilution under Section 43(c) of the Lanham Act. (Doc. # 1 at ¶¶ 24-31). Attached to Plaintiff's complaint, among other things, is a

photograph depicting Plaintiff's food products next to Defendant's food products on a store shelf in Jacksonville, Florida. (Doc. # 1-2).

Defendant filed an answer to the complaint on March 10, 2008, and asserted three affirmative defenses: that Plaintiff's marks are descriptive marks, that Plaintiff's marks are generic marks, and that Defendant's use is a fair use. (Doc. # 4).   Thereafter, on April 8, 2008, Defendant filed the present motion to transfer venue pursuant to 28 U.S.C. § 1404(a). (Doc. # 6).   Plaintiff has filed a response (Doc. # 12), and this matter is ripe for discussion.

## II. <u>Parties' Arguments</u>

Defendant seeks an Order of this Court transferring this case to the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).[1]

In support of his motion, Defendant asserts, "While Plaintiff may bring the action in the Jacksonville venue, the Plaintiff is not disadvantaged by movement of the case into the Tampa area District Court, in that Tampa hosts an international airport, making travel to Tampa as convenient for the Plaintiff as is Travel to Jacksonville.   In addition, local counsel is located in Orlando, which appears to be less than midway in the distance from Tampa to

---

[1] 28 U.S.C. § 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Jacksonville, making the Tampa court appear to be closer for local Counsel." (Doc. # 6 at 3-4). Defendant further asserts, "While Defendant's product does appear to be sold in the Jacksonville area, there does not seem to be any other tie to that area." (Doc. # 6 at 4). In a final attempt to support his motion, Defendant notes, "It is true that one cannot know the heart of another, but it appears as if the Plaintiff, given other locations to find the Defendant's product, has picked the most distant venue to bring the case. If that is the case, then the selection of the Jacksonville forum, though legally proper, works to disadvantage the Defendant in presenting his defense, by making the path to justice burdensome." (Doc. # 6 at 4).

Defendant's affidavit is offered in support of the motion and contains the following pertinent statements, "My residence is in Wesley Chapel, Florida, and my business is based in Wesley Chapel, Florida. Wesley Chapel is a town about 10 miles north of Tampa. (Doc. # 6 at 6). Further, "All business and personal records, which may be considered to be evidence in the above entitled matter, that are in my possession, custody and control, are located in the Tampa area. I do not maintain any record storage facility in the Jacksonville area. All witnesses which I may call to testify in the above entitled matter are located in the Tampa area." (Doc. # 6 at 6). Last, Defendant states, "Requiring a

-4-

movement of all evidence and witnesses across the state of Florida is difficult and burdensome." (Doc. # 6 at 7).

In response, Plaintiff contends, among other things, that the alleged infringement of Plaintiff's trademark has occurred in at least three Jacksonville area locations and that two of Plaintiff's key witnesses are from the Jacksonville area. (Doc. # 12 at 1). Specifically, Plaintiff asserts: "Jacksonville is a more convenient forum for Plaintiff because it has key witnesses and evidence in the Jacksonville area.  Though Plaintiff's headquarters are located in Louisiana, Plaintiff's two representatives with first-hand information about this dispute both reside in the Jacksonville area.  Plaintiff's investigation focused on Jacksonville because that is where the infringement was first discovered." (Doc. # 12 at 5).  Plaintiff further contends, "Some of Plaintiff's Louisiana representatives will travel to Jacksonville, even if the case is transferred to Tampa, a fact that makes Jacksonville a much more convenient forum for Plaintiff. . . . If Defendant's motion is granted, some of Plaintiff's Louisiana representatives would have to travel to Jacksonville *and* to Tampa.  That would be extremely inconvenient and wasteful." (Doc. # 12 at 5)(emphasis in original). Furthermore, Plaintiff explains, "The transfer Defendant requests could prejudice Plaintiff if evidence of action confusion is found. Such evidence most likely would involve individuals with evidence from one ore more of the three Jacksonville stores identified

above.  If Plaintiff does find one or more witnesses with evidence of actual confusion, those persons might be less likely to cooperate if the case is moved to Tampa.  It can be difficult enough to persuade an uninvolved and disinterested individual to provide testimony in a case like this one.  Asking such a person to travel from her Jacksonville home to a trial in Tampa would make that challenge even more daunting." (Doc. # 12 at 6).

## III. <u>Analysis</u>

As noted, 28 U.S.C. § 1404(a) is the governing statute in this dispute, and it provides as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The United States Supreme Court has commented on Section 1404(a), noting, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988).

In determining the merits of Defendant's request that this case be transferred to the Tampa Division of the Middle District of Florida, pursuant to Section 1404(a), this Court must give strong consideration to Plaintiffs' choice of forum.  Specifically, the Eleventh Circuit has noted, "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other

considerations." <u>Robinson v. Giamarco & Bill, P.C.</u>, 74 F.3d 253,

260 (11th Cir. 1996)(internal citations omitted).

Several district courts have weighed in on the analysis courts

should perform upon a motion to transfer pursuant to 28 U.S.C.

1404(a).   In <u>Baptist  Hospital,  Inc.  v.  CJ  Critical  Care</u>

<u>Transportation System</u>, 2007 U.S. Dist. LEXIS 88529, at *12-13 (N.D.

Fla. Nov. 30, 2007), the court provided the following suggested

analysis:

> A district court may transfer any case to any other
> district where the case originally may have been brought.
> To transfer an action under section 1404(a) the following
> criteria must be met: (1) the action could have been
> brought in the transferee court; (2) a transfer serves
> the interest of justice; and a transfer is in the
> convenience of the witnesses and parties.   Because
> federal  courts  ordinarily  accord  deference  to  a
> plaintiff's choice of forum, the burden is on the movant
> to show that the suggested forum is more convenient or
> that  litigation  there  would  be  in  the  interest  of
> justice.

<u>Baptist  Hosp.,  Inc.</u>, 2007 U.S. Dist. LEXIS 88529 at *12-13.

(Internal citations omitted).   Similarly, in <u>Sterling v. Provident</u>

<u>Life and Accident Insurance Co.</u>, 519 F. Supp. 2d 1195, 2006 U.S.

Dist. LEXIS 96369, at *15-16 (M.D. Fla. June 19, 2007), the court

determined, "In order to overcome the presumption in favor of

plaintiff's choice of forum, the movant must show the balance of

the conveniences is strongly in favor of the transfer." <u>Id.</u>   The

court further explained, "When considering a motion to transfer

venue, the Middle District of Florida has stated that the following

seven (7) factors must be considered: Plaintiff's initial choice of

forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." <u>Id.</u> Furthermore, the court noted, "In determining the propriety of transfer, the Court must give considerable weight to the plaintiff's choice of forum.  Therefore, only if the [d]efendants show the balance of convenience is strongly in favor of transfer, using the seven (7) factors listed above, will the [p]laintiff's choice of venue be disturbed." <u>Id.</u> at *15-16 (internal citations omitted). <u>See also</u> <u>Tritak v. Metropolitan Casualty Insurance Co.</u>, 3:08-cv-14-J-33JRK, 2008 U.S. Dist. LEXIS 8050 at *10 (M.D. Fla. Feb. 4, 2008).

In the present case, Defendant's motion fails to address the majority of the considerations mentioned above.  Defendant concedes that Jacksonville is a legally appropriate forum, and merely expresses to the Court that Tampa could be a more convenient forum for Defendant than Jacksonville.  This Court is not persuaded by Defendant's arguments, especially because Jacksonville is the forum chosen by Plaintiff and because Plaintiff's complaint asserts that Plaintiff identified three instances of trademark infringement by Defendant in the Jacksonville area.

Defendant, as movant, bears the burden of persuading this Court that the balance of the conveniences strongly favors transfer to another division or district.   Defendant's motion falls well short of this burden, especially against the touchstone of Plaintiff's well-crafted arguments to the contrary.   Thus, Defendant's motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Un-Consented-To Motion for Change of Venue (Doc. # 6) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>24th</u> day of April, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record