**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LOUISIANA FISH FRY PRODUCTS, LTD.,
a foreign corporation,

    Plaintiff,

vs.                                                  CASE NO. 3:07-cv-1224-J-33TEM

CHARLES O. CORRY,
an individual,

    Defendant.
_____

## **O R D E R**

This matter is before the Court on Plaintiff's Motion for Leave to Re-Open Discovery (Doc. #21, Motion), Defendant's response in opposition thereto (Doc. #22), and Plaintiff's reply to Defendant's response (Doc. #25). For the reasons stated herein, Plaintiff's Motion shall be granted.

In the Motion, Plaintiff requests that discovery in this matter be re-opened in order to investigate a possible violation of the Consent Judgment, entered in this case on July 8, 2008 (Doc. #20). The Consent Judgment (Doc. #20) required Defendant to cancel his trademark for FLORIDA FISH FRY PRODUCTS and to do the following in accordance with removing from commerce those products which bear the aforementioned mark:

> [By July 8, 2008], Defendant Corry, and all those working at his direction, will cease the production of any and all product packaging, labeling, shipping containers, product display items, advertising or other materials of any sort, whether electronic or physical, that bear or include the mark FLORIDA FISH FRY PRODUCTS;

> By May 1, 2009 . . . Defendant Corry, and all those working under his control, shall cease all use of the mark FLORIDA FISH FRY PRODUCTS, whether in advertising, in connection with the sale of his products, in product labeling,

> on product displays, on product packaging, on the Internet, or in metadata or otherwise;
>
> After May 1, 2009, Defendant Corry shall make no use of the mark LOUISIANA FISH FRY PRODUCTS or any confusingly similar variant thereof, except in connection with or reference to the genuine goods of Plaintiff Louisiana Fish Fry Products, Ltd.

(Doc. #20, ¶¶ 2-4).

Plaintiff maintains that toward the end of May 2009, it discovered FLORIDA FISH FRY PRODUCTS was being offered for sale in various stores (Doc. #21 at 2). As a result, on June 1, 2009, Plaintiff's counsel contacted Defendant's counsel and demanded that Defendant immediately cease the use of Plaintiff's mark (Doc. #21-1). Subsequently, in July 2009, Plaintiff hired a private investigator to inspect three seafood retail stores located in Jacksonville, Florida (Doc. #21 at 2-3). Upon investigation, said individual found that two of the stores were carrying FLORIDA FISH FRY PRODUCTS (Doc. #21 at 2; Doc. #21-2, Affidavit of Dick Dwyer, private investigator).

Approximately two months later, in September 2009, Plaintiff's private investigator visited the same three stores in Jacksonville, Florida, and this time he found that all three stores were carrying FLORIDA FISH FRY PRODUCTS (Doc. #21 at 3; Doc. #21-2). Plaintiff maintains the implication is that one of the stores, which did not have the subject product(s) on its shelves in July 2009, has since been re-supplied with product(s) bearing the mark at issue (Doc. #21 at 3). Consequently, Plaintiff's counsel again contacted Defendant's counsel, by letter dated October 1, 2009, in an effort to obtain an explanation regarding the apparent violation(s) of the Consent Judgment (Doc. #21 at 2-3). Plaintiff's counsel maintains, however, that Defense counsel never responded (Doc. #21 at 2-3). As such, Plaintiff believes the Consent Judgment has been violated and, therefore, requests

that the Court re-open discovery in this matter for the limited purpose of discovering whether Defendant has, in fact, violated the Consent Judgment (Doc. #21 at 3).

In his response in opposition (Doc. #22), Defendant maintains that there is no indication as to whether the packages viewed by Plaintiff's investigator were sold, or shipped, prior to or after entry of the Consent Judgment (Doc. #22 at 2). Defendant further maintains that even though the instant packages found on store shelves may have been sold subsequent to the entry of the Consent Judgment (Doc. #20), such items may have been sold within the grace period for Defendant to sell his existing stock (Doc. #22 at 2).[1] Defendant also raises a concern that Plaintiff may be seeking the requested discovery as a means to "identify, locate, and isolate distributors in the Defendant's chain of distribution" (Doc. #22 at 2-3). The undersigned is not persuaded by Defendant's arguments.

Plaintiff need only show good cause for the Court to allow discovery of any matter relevant to the subject matter of the action. Fed. R. Civ. P. 26(b)(1). Other courts faced with similar circumstances to the instant matter have granted motions to re-open discovery for the limited purpose of verifying compliance with consent judgments. *See Alopex Indus., Inc. v. Seibel*, No. 95-1012, 1995 WL 424845, at *2 (Fed. Cir. July 18, 1995) (granting motion to re-open discovery to evaluate possible violation of consent decree);[2] *Alliance to End Repression v. City of Chicago*, No. 74 C 3268, 1992 WL 80527, at *2 (N.D. Ill. April 9, 1992) (re-opening discovery for the limited purpose of determining a party's compliance with the consent decree).

---

[1] The Consent Judgment provided Defendant until May 1, 2009 to sell all of his existing inventory bearing the subject mark (Doc. at 20 at 2).

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

In the instant case, Defendant argues the motion should not be granted absent evidence that the subject packages were, in fact, transferred to the retailer in violation of the Consent Judgment (Doc. #22 at 3). This, however, is exactly what Plaintiff seeks by requesting that the Court re-open discovery. Plaintiff submits that although it may not have enough evidence to establish beyond peradventure that Defendant has violated the Consent Judgment (Doc. #20), it has obtained enough evidence to warrant investigation into whether said order has been violated (Doc. #25 at 2; *see also* Doc. #21-2). The Court agrees.

The Court retained jurisdiction to enforce the terms of the Consent Judgment (Doc. #20 at 3). Defendant's reasons for requesting that the Court not grant discovery in this instance are not well taken—especially in light Defendant's apparent unresponsiveness to Plaintiff's most recent inquiry regarding the same (*see* Doc. #21 at 3; Doc. #21-5). Based on the facts presented, the Court finds the requisite good cause exists to re-open discovery so that Plaintiff may determine whether the Consent Judgment (Doc. #20) has been violated.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's motion for Leave to Re-Open Discovery (Doc. #21) is **GRANTED**.
2. **Plaintiff shall have until July 19, 2010 to conduct limited discovery for the sole purpose of determining whether Defendant has violated the Consent Judgment (Doc. #20)**.
3. Should Plaintiff require additional time, it may file an appropriate motion with the Court.

**DONE AND ORDERED** at Jacksonville, Florida this  19th  day of April, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge